h CARAWAY, J.
In this petitory action, the parties presented conflicting titles to a strip of land in West Carroll Parish. As the result of a 1981 mortgage of a larger tract which included the disputed property, the trial court ruled that the mortgagors’ 1983 acquisition of the disputed property caused the property to fall within the mortgage and to eventually be sold as the result of foreclosure of the mortgage. Appellants assert a title to the disputed strip of land which was conveyed by the mortgagors prior to the foreclosure sale. Agreeing that appellee’s title which emanates from the mortgage and foreclosure sale is the superior title, we affirm the trial court.

Facts and Procedural History

With a petition entitled “Boundary Action, Petitory Action, Possessory Action, Petition for Declaratory Judgment, For Injunctive Relief, Attorney’s Fees, Costs and Damages,” Oscar Guess and Willeen Guess (hereinafter “Guess” or “Appellants”) brought this action against John Gathings and Wanda Gathings (hereinafter “Gathings”) contesting the ownership of a 1.1478-acre tract of land (hereinafter the “Property”) situated on Highway 17 in West Carroll Parish. The petition alleged that the Gathings had erected a fence on the Property and had been crossing the property for access to the Gath-ings’ larger tract of land lying adjacent to the Property on the west. The petition prayed that Appellants be declared owners of the Property and that the court declare and fix the Property’s boundaries and enjoin the Gathings from further actions on the Property-
At trial, there were numerous instruments of title presented to establish the chain of title of the Property which was formerly a strip of land used for a railroad | groute adjacent to Highway 17. These instruments reflect the sequence of events pertaining to the Property and the chain of title to be as follows:
*1040 (1) The first deed presented into evidence was a 1905 deed to St. Louis Iron Mountain and Southern Railroad Company (later the Missouri-Pacific Railroad Company) conveying a 100-foot strip of land in the Southeast Quarter of the Southeast Quarter (SE/4 of SE/4), Section Eleven (11), Township Twenty-One (21) North, Range Ten (10) East.
(2) On or about March 31, 1981, John and Willie Ruth Womack sold to Clyde and Sara Johnson the SE/4 of the SE/4 of Section 11 in West Carroll Parish, Louisiana, “less and except the Missouri-Pacific Railroad Company right-of-way, or property.” The deed also excludes from the sale of this quarter/quarter section certain other small tracts not at issue.
(3) On May 12,1981, Clyde and Sara Johnson mortgaged the property in West Carroll Parish purchased from the Womacks. The mortgage described the property as the SE/4 of the SE/4, less and except four small tracts which were described in metes and bounds. There was no provision in the property description which excluded the 1.1478-acre Missouri-Pacific Railroad Company tract.
(4) On September 29, 1983, the Missouri-Pacific Railroad Company sold the 1.1478-acre Property to Clyde and Sara Johnson for $1,606.97. The metes and bounds description identified the Property as a 500 by 104-foot strip bordering on the south line of Section 11 and the west right-of-way line of Highway 17 within the SE/4 of the SE/4.
(5) On December 28, 1984, in a community property settlement, Sara Johnson transferred her community interest in the Property and their adjacent property to Clyde Johnson.
13(6) On August 23, 1985, Clyde Johnson donated the Property back to Sara Johnson.
(7) On November 13, 1985, Sara Johnson sold the Property to Lori Boyd, by cash deed for $1,500.
(8) In October 1986, the Federal Land Bank initiated foreclosure proceedings against Clyde and Sara Johnson exercising its rights under the May 12, 1981 mortgage. The description of the property seized was the same as the description set forth in the mortgage.
(9) On December 29, 1986, at a sheriffs sale in West Carroll Parish, the SE/4 of the SE/4 (less and except the four small tracts) was sold to the Gathings’ ancestors in title, L.D. Moore and Peggy Gaines Moore. The description in the act of sale was the same as that in the mortgage and the notice of seizure.
(10) On June 13, 1990, John and Wanda Gathings bought from L.D. and Peggy Moore the property the Moore’s purchased at the sheriffs sale.
(11) On August 29, 1995, Lori Boyd sold the Property to Appellants for $1,500 by cash deed.
From these title documents, the trial court ruled in favor of the Gathings’ claim of ownership to the Property. The trial court determined that the critical issues involved the description of the land subject to the 1981 mortgage and whether the Property, which was acquired by the mortgagors after the issuance of the mortgage, fell within its encumbrance and became a part of the lands conveyed in the subsequent foreclosure proceedings. Since the trial court determined that the Property became subject to the 1981 mortgage, the Gathings’ claim prevailed.
As they did in the trial court, the Appellants raise three issues:
|4(i) Was the evidence sufficient to prove that the Property was included within the property description of the mortgage and subsequent deed to the Gathings?
(ii) Did the after-acquired title doctrine apply to the deed from the railroad, such that the previously executed Federal Land Bank mortgage attached to the Property?
(iii) Did the Johnsons intend to mortgage the Property when they signed the Federal Land Bank mortgage?

Discussion

We first note that this suit proceeded as a petitory action with neither side resting on a possessory claim to the Property. Both sides tracked their titles to common authors, the Johnsons, who, under applicable principles, would be presumed to be the previous owners of the Property. La. C.C. art. 532; La. C.C.P. art. 3653. Therefore, unless Ap *1041 pellants’ contentions about the Johnsons’ 1981 mortgage are correct, the transfer of title to the Property by Sara Johnson in 1985 could not be made to the prejudice of the 1981 mortgage and its right to cause the Property to be seized and sold. La. C.C. arts. 3279 and 3307(2). Thus, the Gathings, who trace their title to the sheriffs sale resulting from the 1981 mortgage, will have the more ancient title from the common author, and the judgment in their favor in this petitory action must be affirmed.

Property Description in the Mortgage

Appellants insist that in the absence of testimony or plats to determine that the Property was located within the land included in the mortgage and purchased by the Gathings, the more specific description of the 1.1478-acre tract set forth in Appellants’ deed to the Property should prevail. We disagree.
|5The metes and bounds description of the 1.1478-acre Property unmistakenly places the tract within the SE/4 of the SE/4 of Section 11 which was set forth as the property mortgaged in 1981. The trial court further determined that four other small tracts which lie within the SE/4 of the SE/4 and which were expressly excluded from the 1981 mortgage do not overlap or include the 1.1478-acre area of land in dispute. From our review of the metes and bounds description of the Property and the descriptions of the four excluded tracts in the mortgage, we agree with the trial court’s conclusion that the mortgage description of the SE/4 of the SE/4 and the identical descriptions in the subsequent sheriffs sale deed and the Gath-ings’ deed were sufficient descriptions for the conveyance of the 1.1478-acre area in dispute.

After-Acquired Title

Appellants argue that the 1983 deed of the Property to the Johnsons was a quitclaim deed which defeats in this instance any application of the doctrine of after-acquired title. This argument is misplaced. First, the deed which contained language of conveyance and expressed a price of $1,606 can hardly be attacked by Appellants as a transfer since it is an essential link in both parties’ chains of title.. Despite the deed’s express exclusion of warranty, the instrument was sufficient to transfer title to the Johnsons.
The trial court’s stated reliance in its reasons for judgment upon the doctrine of after-acquired title was directed at its understanding of the 1981 mortgage and not the 1983 deed by.which the railroad company conveyed the Property to the Johnsons. Though not identified in its decision, the trial court’s ruling gave application to La. C.C. art. 3292 which provides, in pertinent part, as follows:
RA special mortgage given over property the mortgagor does not own is established when the property is acquired by the mortgagor.
As the 1991 revision comment to this article points out, the former article 3304 which was in effect in 1983 also allowed the 1981 mortgage to become effective as an encumbrance over the Property.
As discussed above, the mortgage contained a specific description of the SE/4 of the SE/4 which included the 1.1478-acre area where the Property is located. Accordingly, the mortgage was a special mortgage of particularly described property meeting the requirement of former Article 3306 (now La. C.C. art. 3288) which was in effect in 1981 when the mortgage was granted. See also, La. C.C. art. 3285 for the distinction between special and general mortgages. With a special mortgage over the SE/4 of the SE/4 at the time of their 1983 acquisition of the Property, the Johnsons’ newly acquired ownership of the Property became subject to the existing mortgage. This principle of the civil code which effects a type of after-acquired encumbrance was therefore properly utilized by the trial court.

Intent to Mortgage

At trial, testimony was allowed concerning the Johnsons’ intent for their 1981 mortgage in favor of the Federal Land Bank. The Johnsons did not own the Property in 1981, and the trial court’s reasons for judgment acknowledged that they did not intend to mortgage it. Appellants now urge that this intent for the contract of mortgage must be recognized for the contract’s interpreta *1042 tion so that the seizure and sale of the Property through the foreclosure proceedings can have no effect.
Despite the lack of any evidence regarding the intent of the Federal Land Bank, we assume that the mutual intent for the mortgage was that which was 17diseussed at trial. Nevertheless, the Gathings and their predecessors in title who purchased the Property at the sheriffs sale are third parties whose acquisitions of the Property may be based solely upon the description of the Property which was included in the 1981 mortgage and the deed which resulted from the sheriffs sale. Gregory v. Womack, 300 So.2d 213 (La.App. 2d Cir.1974). The Gathings are protected by the public records doctrine. La. R.S. 9:2721. The Gathings’ chain of title which emanates from the Johnsons’ mortgage of the SE/4 of the SE/4 which included the 1.1478-acre tract cannot be challenged by the assertion of mistaken intent involving an instrument to which the Gathings were not parties.

Conclusion

The Gathings established at trial the more ancient title from the common author; therefore, judgment in their favor in this petitory action must be affirmed.
Costs are assessed to appellants.
AFFIRMED.